In the Matter of the Petition of WALLACH's, INC., Petitioner, Appellant, against Dr. JOHN P. BOLAND and Others, as Members of the New York State Labor Relations Board, Respondents, for a Decree Vacating and Setting Aside Certain Orders of the Said NEW YORK STATE LABOR RELATIONS BOARD Made and Dated the 27th Day of November, 1937.*†

First Department, February 18, 1938.

* Affg. 166 Misc. 420.   † Affd., 277 N. Y. 345.

*Herbert Ferster* of counsel [*David Drechsler* and *Mortimer Horowitz* with him on the brief; *Drechsler & Leff*, attorneys], for the appellant.

*Burton A. Zorn* of counsel [*Eugene Cotton* with him on the brief, attorneys], for the respondents.

CALLAHAN, J.   The sole question presented by this appeal is the construction to be placed on subdivision 4 of section 707 of the New York State Labor Relations Act (Labor Law, art. 20, added by Laws of 1937, chap. 443).

The appellant is an employer of labor.  A controversy having arisen concerning the right of representation of petitioner's employees, the New York State Labor Relations Board certified in writing, the representative selected by one group of employees, and, as part of its investigation, directed an election as to another group, pursuant to the provisions of section 705 of said act.  The Board made no determination that the appellant is engaged in any unfair labor practices, or order concerning same, as defined in the act.

By stipulation, the sole issue raised on the appeal is the reviewability of the Board's decision, it being agreed that all questions as to the merits be reserved for future determination.

Subdivision 4 of section 707 of the act provides: " 4. Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in the Supreme Court of the county where the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business."

As we construe this statute, the appellant, as an employer, is not a person presently aggrieved within the section quoted, nor is the determination involved a final order as to appellant under the facts disclosed.

The right to review the determination of the controversy concerning representation will be available to appellant when and if any final order is made by the Board concerning alleged unfair

labor practices under section 706. Upon such review the entire record in the proceedings, required to be filed under section 707, will include all such matters as have been presented to the Board in the preliminary and intermediate proceedings under section 705.

The act requires (§ 700) that it be liberally construed for the accomplishment of the purpose of encouraging collective bargaining, which is declared to be the public policy of the State. The delay caused by judicial review of numerous intermediate steps in a controversy between employer and employee would discourage rather than encourage the accomplishment of the declared objective. (See *Newport News Shipbuilding & Drydock Co.* v. *Schauffler*, 302 U. S. 673.)

An opportunity for full judicial review will be afforded on all questions involved, and the rights of the parties amply protected, if the judicial review be confined to the final order as indicated.

A different question might be presented if the determination involved only a dispute between employees concerning the right to represent their fellows, wherein no further proceedings under section 706 would be taken.

The order should be affirmed, with twenty dollars costs and disbursements.

DORE and COHN, JJ., concur; MARTIN, P. J., and GLENNON, J., dissent. In the circumstances here disclosed, the appellant is a party aggrieved within the meaning of the statute.

Order affirmed, with twenty dollars costs and disbursements.