RUBEL CORPORATION, Plaintiff, v. JOHN P. BOLAND and Others, Members of and Constituting the New York State Labor Relations Board, Defendants.

Supreme Court, Special Term, New York County, November 18, 1941.

Yellin & Levy [*Martin H. Selman* of counsel], for the plaintiff.

*Daniel Kornblum* [*Daniel Kornblum* and *Bernard Jaffe* of counsel], for the defendants.

MILLER, J. This is a motion by the New York State Labor Relations Board under rule 106 of the Rules of Civil Practice, to dismiss the complaint for failure to state a good cause of action and on the further ground that the court is without jurisdiction to grant the relief requested. The motion is based solely upon the face of the complaint and the allegations thereof must, therefore, be deemed true for the purpose of the application.

The basis of the motion is that the present action for a declaratory judgment will not lie because the sole remedy of the plaintiff is that provided for in section 707 of the New York State Labor Relations Act (Labor Law, §§ 700–716), viz., an application to the court for judicial review of a final order by the New York State Labor Relations Board pursuant to section 706 of the act.

Where the controversy between the parties relates to the power of the Board to act at all, and a determination in favor of the plaintiff would render any further proceedings by the Board wholly superfluous, an action for a declaratory judgment may properly be maintained. On the other hand, where the " propriety of the Board's action rather than its power to act is in question," maintenance of an action for a declaratory judgment would defeat the legislative intent to eliminate " the delay caused by judicial review of numerous intermediate steps in a controversy between employer and employee." (*Matter of Wallach's, Inc.*, v. *Boland*, 253 App. Div. 371, 373; *Great Atlantic & Pacific Tea Co.* v. *Boland*, 176 Misc. 258, 263; affd., 261 App. Div. 900. See, also, *Bank of Yorktown* v. *Boland*, 280 N. Y. 673.)

Subdivision 3 of section 705 of the act provides that " the Board shall not have authority to investigate any question or controversy between individuals or groups within the same labor organization or between labor organizations affiliated with the same parent labor organization." The complaint in the instant case alleges that conflicting claims to the right to represent plaintiff's employees were raised by two labor organizations affiliated with the same parent labor organization and that the Board was, therefore, without power to direct an election for the purpose of determining whether plaintiff's employees wished to be represented by one of the two rival labor organizations. (Complaint, ¶ 13.)

If it be the fact, which must be assumed for the purpose of this motion, that two labor organizations affiliated with the same

parent labor organization claimed the right to represent plaintiff's employees in collective bargaining, the Board was without power to investigate the question as to who represented the employees and was equally without power to direct an election for the purpose of determining the question of representation of plaintiff's employees. In such a situation an action for a declaratory judgment for the purpose of determining the power of the Board to act at all may be maintained.

In view of the conclusion thus reached it is unnecessary to consider whether any of the other grounds upon which the action of the Board is assailed justify the maintenance of an action for a declaratory judgment.

The motion to dismiss the complaint is accordingly denied with leave to answer within ten days from the service of a copy of this order with notice of entry.