WILLIAM CODY, as President of Retail Food Clerks Union, Local #1500, A. F. of L., an Unincorporated Association of Seven or More Members, Plaintiff, *v.* WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, et al., Defendants.

Supreme Court, Special Term, New York County, January 25, 1945.

---

*Arnold Cohen* for plaintiff.

*Philip Feldblum* and *William E. Grady, Jr.* for New York State Labor Relations Board, defendant.

*Irwin Panken* for Murray Kudish, as President of Local 338, C. I. O., defendant.

PECORA, J. In this action for a declaratory judgment, plaintiff seeks the invalidation of an election conducted by the New York State Labor Relations Board (hereinafter called the " Board ") to certify employee representative for the purposes of collective bargaining. More specifically plaintiff complains that the Board exceeded its authority in declaring void " write-in " ballots naming plaintiff as the employees' choice, and in refusing to permit plaintiff to intervene and participate in the election and to be designated as a party on the ballot. Upon the trial of this suit, the parties submitted the case for decision

upon an agreed statement of facts embodied in a stipulation. Thus only issues of law are presented for decision.

In summary, the facts show that plaintiff is a labor union, affiliated with A. F. of L., representing employees working in retail grocery, vegetable and dairy stores, markets and chain stores throughout the greater metropolitan area. The defendant union represents similar employees, and is affiliated with the C. I. O.

On April 22, 1944, defendant union filed a petition with the Board alleging that a question or controversy existed as to representation for purposes of collective bargaining of employees in the retail stores in the city of New York of defendant Rand Tea and Coffee Stores, Inc., and requested the Board to investigate and certify the collective bargaining representative of such employees.

A conference, concerning that petition, was held on April 27, 1944, before the Senior Labor Relations Examiner of the Board, which was attended by representatives of plaintiff and defendant unions, and of the employer. Plaintiff's representative stated that plaintiff had no interest in the proceeding.

On May 2, 1944, plaintiff was notified in writing by the Board that a second conference in the matter would be held on May 4, 1944. Plaintiff was requested in said letter to advise the Board whether or not it desired to intervene in the said representation proceeding. The conference was held on May 4, 1944, and no representative of plaintiff attended. On May 6, 1944, the Board received a letter from plaintiff, dated May 4, 1944, advising the Board that plaintiff did not desire to intervene in the proceeding.

Thereafter, on May 15, 1944, a formal hearing was had before a trial examiner appointed by the Board, in aid of the Board's investigation. The defendant union and the employer were represented at said hearing. Plaintiff did not appear at, or participate in, said hearing. On May 19, 1944, after consideration of the testimony taken at the hearing held on May 15, 1944, the Board issued its decision and direction of election (7 N. Y. S. L. R. B. ——).

Accordingly the Board's Supervisor of Elections duly scheduled an election for May 31, 1944. On May 27, 1944, the Board received a telegram from plaintiff which requested a conference on May 29, 1944 to submit proof of interest in the election to be held on May 31st, and asked that the election be postponed. That request was refused and the election was conducted on May 31st, under the supervision of the Board. The question presented to the employees in said election was whether the

employees wished to be represented for purpose of collective bargaining by defendant union, Local 338. The ballot contained two boxes; one marked "Yes", the other marked "No". At the election sixty-five ballots were deposited in the ballot box, of which thirty-four were cast for Local 338, twenty-seven were cast against the said union, one ballot was blank, two ballots were void and one ballot was challenged. Sixty-seven employees were eligible to vote at the election. One of the ballots declared void was a ballot on which the voter had drawn a third box, labeled "A. F. of L." in which he had placed an "X". Employees had been instructed by the Board's supervisor of elections that a "write-in" vote would void their ballots and that the only question upon which the employees could vote was whether they wanted Local 338, C. I. O., for the purpose of collective bargaining, since plaintiff union had not intervened in this case in proper time.

On June 2, 1944, plaintiff filed objections to the election and oral argument upon said objections was held before the Board on June 16, 1944. On June 20, 1944, the Board overruled the objection and issued its order and certification of representatives, which certified defendant Local 338, C. I. O., as having been designated as representative of the employees for purpose of collective bargaining.

Following certification of Local 338, C. I. O., a collective bargaining agreement was entered into by the employer and said union as representative of the employees, which agreement is still in full force and effect.

At the threshold of this action, the jurisdiction of the court to determine the validity of the Board's action is challenged. The New York State Labor Relations Act (Labor Law, art. 20) provides for two distinct types of proceedings. Section 704 of the Labor Law defines and prohibits certain "unfair labor practices" by employers. Section 706 sets forth the procedure for a determination of the existence of unfair labor practices and provides for an order where they have been found to exist. On the other hand, section 705 provides the procedure for an investigation by the Board to certify representatives for employees for the purpose of collective bargaining. Familiarly known as a "representation proceeding", the action of the Board under section 705 constitutes a fact-finding investigation to determine the proper representative. It reports the results of its investigation to the parties.

The distinctive character of these two types of activity is important and has been enunciated in numerous cases. (*Matter*

*of Wallach's, Inc.,* v. *Boland,* 277 N. Y. 345, affg. 253 App. Div. 371; *Great Atlantic & Pacific Tea Co.* v. *Boland,* 176 Misc. 258, affd. 261 App. Div. 900; see, also, *A. F. of L.* v. *Labor Board,* 308 U. S. 401.) Those cases held that an action for declaratory judgment will not lie to determine the validity of the action of the Board in a representation proceeding since it is clear that the Board has jurisdiction in such cases. Declaratory judgment is not the remedy for the review of the propriety of the Board's action, but solely to test its power to act. A review of the propriety of the Board's action is not provided for in the act. Section 707, dealing with the exclusive method of review, applies by its terms only to a final order in an unfair labor practice proceeding. The cases above cited hold that a certification of representatives is not a final order which can be reviewed by the courts. Thus for purposes of review, the act clearly emphasizes the distinction between an unfair labor practice order and a certification in representation proceedings.

Apart from the merits, therefore, this court would decline to grant declaratory judgment because no question of the power of the Board to act in the matter before it has been questioned.

However, an examination into the merits discloses a reasonable and proper disposition by the Board. Pursuant to subdivision 7 of section 702 of the law, the Board duly adopted rules and regulations necessary to carry out the provisions of article 20 of the Labor Law. Section 41 of the General Rules and Regulations of the State Labor Relations Board provides for the manner of intervention in a representation proceeding. The attempt by plaintiff to intervene by its telegram of May 27th, four days before the election, was neither proper nor timely. Section 41 of the rules provides for a verified application to be made at least two days before the first hearing. Plaintiff's telegram was not a verified application and was sent after the completion of the first, formal hearing. An examination of section 41 of the rules leads to the conclusion that its requirements are reasonable. No charge that the rule is arbitrary or capricious has been made, nor could it be sustained. The Board's refusal to permit intervention under the circumstances disclosed was therefore proper.

The contention that the Board improperly declared " write-in " ballots to be void has not been sustained. In the first place, it is clear that the action did not affect the result of the election. Furthermore, under subdivisions 3 and 4 of section 705 of the law, the Board has the power to provide for the manner of conducting elections and for establishing the rules

governing any such elections in representation proceedings. The rules established for the election conducted herein were reasonable, and plaintiff has no basis for legal complaint. A " write-in " vote could not properly be cast under those rules, and the finding that such " write-in " vote was void was amply justified. Consequently, plaintiff has failed to demonstrate any grounds for the relief sought in this action. The complaint is therefore dismissed. Settle decision and judgment accordingly.