In the Matter of NEWSPAPER AND MAIL DELIVERERS' UNION OF NEW YORK AND VICINITY, Petitioner, against WILLIAM J. KELLEY et al., Constituting the New York State Labor Relations Board, Respondents.

Supreme Court, Special Term, New York County, December 18, 1947.

*Samuel Duker* for petitioner.

*William E. Grady, Jr.,* for New York State Labor Relations Board and others, respondent.

*George E. Moehringer* for William J. Kelley, individually and as chairman of the New York State Labor Relations Board, respondent.

*Dorr, Hammond, Hand & Dawson* for Interboro News Company, intervener.

Levy, J. Petitioner brings up for review either under section 707 of the Labor Law (New York State Labor Relations Act) or under article 78 of the Civil Practice Act, an order of the board dismissing the amended charge of unfair labor practice. It was conceded the inspectors involved are a homogenous group constituting an appropriate unit for bargaining purposes, but the majority of the board considered that by virtue of the constitution of the union it was disabled from acting as the bargaining agent for a unit of employees acting in a supervisory or investigatory capacity as an arm of management in relation to the rank and file of the union. This determination was grounded,

however, entirely upon a prior order in a certification proceeding dismissing the petition upon the reasoning above indicated. The board thus placed disqualification upon the " fundamental, legal principle of disability " independently of the " four corners of the statute ". As to the party before it, the board acted without statutory authority in refusing to discover whether the unit desired the union to act as its bargaining agent. What it regarded as a disqualification was not within its province to consider at that time. (*National Labor Relations Board* v. *Indiana & Michigan Electric Co.*, 318 U. S. 9.) When later the amended charge was before it, the board was empowered to consider whether in its discretion a complaint should issue. Such discretion if reasonably exercised and grounded upon the pertinent facts and circumstances would prevail. It is claimed it was the reasonable exercise of this discretion which resulted in the order under review. The court cannot agree. The opinions written in support of the order show clearly the charge as such was not considered at all in the light of any pertinent facts touching it. No opinion was entertained whether a complaint should issue or if issued whether the charge should be sustained. Neither level was reached in the course of the board's deliberations for the charge was dismissed not because it as such should not be entertained, but rather that the bargaining agent presenting it had already been disqualified. This action had the effect of finally and conclusively barring a matter in which the persons before the board were the unit and its chosen agent. Whatever could thereafter be done before the board upon a new charge with different persons, the claimed right of access to it was finally denied to the petitioner. That petitioner has the right to review is amply supported by *American Federation of Labor* v. *National Labor Relations Board* (308 U. S. 401) where the court stated at page 408: " We must look rather to the language of the statute, read in the light of its purposes and its legislative history, to ascertain whether the ' order ' for which the review in court is provided, is contrasted with forms of administrative action differently described as a purposeful means of excluding them from the review provisions."

And again at page 412: " Its answer involves a determination whether the Wagner Act, in so far as it has given legally enforceable rights, has deprived the district courts of some portion of their original jurisdiction conferred by § 24 of the Judicial Code. It can be appropriately answered only upon a showing in such a suit that unlawful action of the Board has

inflicted an injury on the petitioners for which the law, apart from the review provisions of the Wagner Act, affords a remedy. This question can be properly and adequately considered only when it is brought to us for review upon a suitable record." And by *Matter of Wallach's, Inc.*, v. *Boland* (253 App. Div. 371, 373) where the court stated:

" The right to review the determination of the controversy concerning representation will be available to appellant when and if any final order is made by the Board concerning alleged unfair labor practices under section 706. Upon such review the entire record in the proceedings, required to be filed under section 707, will include all such matters as have been presented to the Board in the preliminary and intermediate proceedings under section 705.

" An opportunity for full judicial review will be afforded on all questions involved, and the rights of the parties amply protected, if the judicial review be confined to the final order as indicated."

It is argued the order denying representation was grounded in reasonableness. " Freedom to choose, in this statutory setting, must mean complete freedom to choose any qualified representative unless limited by a valid contrary policy adopted by the Board ". (*National Labor Relations Board* v. *Jones & Laughlin Steel Corp.*, 331 U. S. 416, 425.) Petitioner claims it had been the policy of the respondent heretofore to refuse to inquire into the internal affairs or organization of a union if it was otherwise an appropriate agent for representation. To hold otherwise would confer upon the board a latitude of discretion which would tend to open the door to ever increasing causes and criteria for the selection of representatives resulting in ultimate destruction of the freedom of choice. Quite apart therefrom, however, it was unreasonable to ground denial of representation solely upon certain provisions of the union constitution applied without any relation of the impact of those provisions upon a specific charge of unfair labor practice. For example, it may well be that in connection with the charge subsequently made the conduct resulting in discharge was directly related to the constitutional provisions relied on for disqualification and in such event it may well be that this interrelation would become a reasonable and proper subject of inquiry to determine whether a complaint should issue. Indeed, petitioner contests not only the context of the disputed provisions but the existence of any real influence or restraint arising therefrom in relation to the performance of the duties of the

inspectors. It is not indicated that upon a specific charge, even this one, such an investigation may not become appropriate. However, it is conceded at least by the intervener that the dismissal of the charge was grounded on the principle that the board should not entertain a charge of unfair labor practice not filed by the employees involved or their legal representatives. Since representation was not validly withheld, the charge was dismissed without actual consideration of it, and effectual access to the board substantially and finally denied to the petitioner, the action taken must be considered to be without valid foundation. The motion is granted. Settle order.