Matthew M. Levy, J.
This is a proceeding in pursuance of article 78 of the Civil Practice Act to review the determination of the New York State Liquor Authority, disapproving the petitioners’ application for permission to make changes in the corporate stock ownership, control and management of Boxy Wines & Liquors Corp., one of the petitioners. The respondent has not filed an answer, hut cross-moves to dismiss the petition as a matter of law on the grounds (a) that this determination of the Authority is not subject to review by the court, and (b) that the petition does not state sufficient facts to entitle the petitioners to the relief sought, and, alternatively, the cross motion seeks (c) an order requiring the petitioners to make more definite and certain the allegations of paragraphs 20 and 21 of the criticized petition.
The petitioner Boxy is licensed to sell alcoholic beverages for off-premises consumption, and a renewal license had been granted to Boxy, under the then existing corporate setup, for the 1956-1957 year. Further renewal of the license would generally be made in the month of March of the current year. The petitioners Allen Wolin and Laura Wolin propose to buy all the stock of Boxy (now owned by another) and with the petitioner Tillie Wolin would become the sole directors; and Allen would become the corporation’s president and treasurer. On December 5, 1955, the petitioners submitted to the respondent an application seeking approval of such change of stockholders, *345 directors and officers of the corporate petitioner. It so happens that the petitioner Allen is a salesman for a wholesaler of alcoholic beverages and is a holder of a solicitor’s permit issued by the respondent. On March 22, 1956, the Authority communicated with the petitioners by letter to the effect that: “ Your application for a corporate change will be approved upon the surrender of the solicitor’s permit #40375 held by Allen S. Wolin. If the permit is not surrendered, the application will be disapproved.” After some correspondence between the parties and a denial of reconsideration, the petitioner Allen refused to surrender his solicitor’s permit and a final determination of the application was requested of the respondent. On August 22, 1956, the Authority disapproved the application for approval of the corporate change. (See Alcoholic Beverage Control Law § 101, subd. 1, par. [a], making it unlawful for a licensed wholesaler to be interested directly or indirectly in a retail establishment; cf. Matter of Willmont Liquors v. Rohan, 2 Misc 2d 768, 776-777.)
One of the rules of the Authority provides that: “ No change in officers, directors or stock ownership of a licensee corporation may be made except upon permission first being obtained in writing from the State Liquor Authority.” (New York State Liquor Authority, Pamphlet: Information for Licensees, [June, 1955, ed.], p. 13.) And it is further provided: “Any such change will not be effective until approved by the State Liquor Authority in writing.” (P. 15.) The Authority’s established form of application for approval of corporate change states “ that no change in officers, directors, or stockholder ownership is effective until such change has been approved by the State Liquor Authority. It is therefore recommended that any change be made conditional upon approval by the State Liquor Authority. ’ ’ But nowhere in the Alcoholic Beverage Control Law is it required that a corporate licensee have the consent of the Authority before it makes changes in its corporate ownership, control or management.
The law does provide that a “ license issued to any person * * * shall not be transferable to any other person * * * except in the discretion of the authority.” (§ 111.) And a “person” is defined to include an “individual, copartnership, corporation” (§ 3, subd. 22). Section 110, insofar as here relevant, provides for sworn statements to be made to the Authority by an applicant for a license, as follows:
“ 2. The name and residence of each person interested, or to become interested, in the business covered by the license for which the application is made, together with the nature of *346 such interests; and if such applicant he a corporation, the application shall set forth the name of the corporation, the names of its directors or other governing body, the names of its officers and stockholders if it be a stock corporation, and the state under the laws of which it is organized; * * *
“ 4. * * * If there be any change, after the granting- of a license, in any of the facts required to be set forth in such application, a supplemental statement giving notice of such change, duly verified, shall be filed with the liquor authority or appropriate board, as the case may be, within ten days after such change.”
Thus, while the statute does not in terms now prohibit a change of stockholders or officers or directors of a corporation without the Authority’s permission (see Ass. Int. No. 1056, Pr. No. 1076, [Blodgett, Assemblyman, 1957 Sess.]), it certainly indicates that the transfer of a license to another was deemed a matter of sufficient importance to the Legislature so that responsibility (at least initially) for the continuance of that license in the hands of that other was placed in the Authority. I cannot say, as a matter of law, that in carrying out the legislative mandate the Authority must blind itself to the undeniable fact that a corporation is but a fictitious entity, and that it is the human individual in control of the corporation who in substance and effect may be the licensee. While the Authority is entitled to be informed as to who the personalities are behind the corporate licensee, for the purpose of determining — for good cause shown — whether, on the basis of that information, a licensee will or will not be adversely affected, it does not follow that the Authority’s advance disapproval of a prospective change of personnel necessarily empowers the court to review the Authority’s action. For not every administrative advice or decision is subject to judicial control (Forkosch on Administrative Law, §§■ 299, 306).
And that presents the primary question before me for determination— the respondent’s contention that its action in this case is not subject to judicial review. No precedents have been cited by the parties, nor have any been found on research, concerning the question here being considered. Let us first look at the statute. Section 2 of the Alcoholic Beverage Control Law makes the declaration that the policy of the State and the purpose of the law “will best be carried out by empowering the liquor authority of the state to determine whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed *347 thereby, subject only to the right of judicial review hereinafter provided for” (italics mine). There is no express language in the law permitting a review of the Authority’s disapproval of a proposed change in a corporate licensee’s stock ownership, officership or management. The review provisions of the statute are contained in section 121, and make clear that only the specified “ actions by the liquor authority shall be subject to review by the supreme court ’ ’. These do include the refusal to issue a license or permit (subd. 1) and the revocation, cancellation or suspension of a license or permit (subd. 4), and no other subdivisions are relevant.
As Mr. Justice BoTEirr, speaking for the court, said in Matter of Guardian Life Ins. Co. of America v. Bohlinger (284 App. Div. 110, 114, affd. 308 N. Y. 174): “ The courts have consistently held that section 121 constitutes a legislative mandate against judicial consideration of those actions of the Liquor Authority for which review is not authorized (citing cases) ’ ’. (See, also, Fuld, J., concurring in Matter of Brenner v. O’Connell, 308 N. Y. 636, 643.) Under the statute, therefore, if the court can review the subject determination of the respondent, the power of review must be based upon a finding that there was here a “ refusal by the liquor authority to issue a license or a permit ”, or that there was a “ revocation, cancellation or suspension of a license or permit by the liquor authority ’ ’. Under the facts presented to me in this case, I cannot so find. Nowhere is it shown that the petitioners were denied a license or permit; nowhere is it shown that Boxy’s license or Allen’s permit was revoked, cancelled or suspended. Until there is such definitive action on the part of the respondent, there is, in my view, no final determination of the Authority within the applicable language of the review section of the statute, and therefore there is no power of judicial review. (Matter of Wallach’s, Inc. v. Boland, 253 App. Div. 371, affd. 277 N. Y. 345.)
The case of Granucci v. O’Connell (118 N. Y. S. 2d 79) is not in point. There, the Authority determined that the petitioner licensee was not a fit and proper person to hold a license and that, when the petitioner made formal application for renewal of the license then held, such renewal would not be issued. The determination was made following a hearing pursuant to notice that the Authority contemplated the disapproval of any renewal application filed by the licensee, and a hearing on specifications was held. A case more determinative is Matter of Millmanv. O’Connell (300 N. Y. 539) where the question arose as .to the power of the Authority to allow or deny the right to transfer a license to another premises, and the court held that *348 this was not a matter open to review within the meaning of the then section 121. (The statute was thereafter amended by the addition of subdivision 6 [L. 1952, ch. 428], subjecting to review by the court the “ transfer by the liquor authority of a license or permit to any other premises, or the failure or refusal by the liquor authority to approve such a transfer”.)
In thus deciding that the advance or advisory disapproval of the proposed change in stock ownership and corporate management is not subject to judicial review, I am not to be taken as holding that the basis for the Authority’s determination in this case was or was not proper. I hold merely that, at this time and in this context, the courts cannot intervene. No doubt, if a corporate change be made, then the license or permit may, under certain circumstances (see, e. g\, § 126) be revoked, cancelled or suspended by the Authority, or the Authority may refuse to renew. The final determination so made would, in either case, be reviewable by the courts. That, perhaps, is not entirely satisfactory. But, after full consideration, I am impelled to the conclusion that the dilemma in which the petitioners are placed requires correction by the Legislature. The determination of the Authority, whether given merely in an advisory capacity, or in pursuance of its rules and regulations, is no more than an interlocutory ruling which can be reviewed only in connection with the review of a final order made under the statute and necessarily affected by the interlocutory determination. (Cf. American Federation of Labor v. Labor Bd., 308 U. S. 401, 411.)
The cross motion of the respondent to dismiss the petition is granted. That renders academic (at least, for me) other features of the respondent’s cross motion. The application of the petitioners is denied, without prejudice. An order has been signed accordingly.