Isadoee Booksteik, J.
The above-entitled action for an injunction was instituted first. A motion therein for a temporary injunction was returnable at Special Term on August 23, 1963 and adjourned to September 13, 1963. On that date, the above-entitled proceeding under article 78 of the Civil Practice Law and Rules was returnable, having been instituted after the adjournment of the motion for a temporary injunction returnable August 23, 1963.
Precisely the same issues exist in both the action and the article 78 proceeding. The answer in the action by denials and affirmative defenses raises all of the issues presented in the article 78 proceeding.
Respondent moves to dismiss the article 78 proceeding on two grounds, viz., (1) that the petition does not state facts sufficient to entitle the petitioner to any relief since the petitioner is not aggrieved by the act of the respondent complained of, nor is said act reviewable, and (2) in the alternative that there is a prior action pending between the same parties involving the same subject matter and the same issues.
The basic question arises under subdivision 7 of section 258-b of the Agriculture and Markets Law, enacted by chapter 102 of the Laws of 1963, effective April 1, 1963.
Purportedly acting thereunder, plaintiff-respondent advised defendant-petitioner, that he required it to open and maintain an escrow account in some bank.
Defendant-petitioner, having failed to comply with the requirement, plaintiff-respondent instituted the above-entitled action for an injunction, seeking a judicial determination that defendant-petitioner is required to do so.
Thereafter, defendant-petitioner instituted the above-entitled article 78 proceeding to review the requirement of plaintiff-respondent.
The primary question for determination is whether the requirement, in question, is subject to review in an article 78 proceeding.
Subdivision 7 of section 258-b is a part of article 21 of the Agriculture and Markets Law, which article is commonly known as the Milk Control Law. Section 258-d thereof provides for those matters under said article in which a review may be had under an article 78 proceeding and does not include any determination, directive or requirement under subdivision 7 of section 258-b or under any of the other paragraphs of that section.
Throughout the various articles of the Agriculture and Markets Law, the Legislature has made express provision for what may be reviewed in an article 78 proceeding.
*833 Thus section 71-f deals with a review under article 4-A; section 83 deals with that subject under article 5; section 96-e, under article 6; section 105-g, under article 6-A; subdivision 8 of section 118, under article 7; section 147-g, under article 11; section 151, under articles 11 and 3; section 151-b, under article 11; section 175-c, under article 15; section 202-b, under article 17; section 223-d, under article 18-A; section 232, under article 19; section 251-f under article 20; section 251-n, under article 20-A and section 251-v, under article 20-B.
If any action by the Commissioner of Agriculture and Markets were the subject of review in an article 78 proceeding, it is difficult to imagine any more useless legislation than the sections of the Agriculture and Markets Law, specifying the instances in which such a review could be had. It seems inevitable that the statutory pattern implies that the action of the Commissioner may be reviewed in an article 78 proceeding, only in the instances in which the Legislature has made specific provision therefor. (Cf. Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174; Matter of Roxy Wines & Liq. Corp. v. State Liq. Auth., 5 Misc 2d 343; Matter of Shedrick v. Board of Health, 204 Misc. 545; Schulman v. McMorran, 9 A D 2d 1007.)
The directive in this case was not a judicial or quasi-judicial determination; rather, it was an administrative determination, without finality and not self-executing. It requires implementation to make it effective and final.
The Commissioner has the choice of one of two methods of implementation, either of which then provides for a judicial review.
Under section 258-e he could institute a proceeding to revoke the license of defendant-petitioner. In such proceeding, the defendant would be entitled to a hearing and due notice thereof, and in the event of a revocation, there would be a final determination which would be subject to review in an article 78 proceeding, in which the directive could be reviewed.
At present it ‘‘ is no more than an interlocutory ruling which can be reviewed only in connection with the review of a final order made under the statute and necessarily affected by the interlocutory determination.” (See Matter of Roxy Wines & Liq. Corp. v. State Liq. Auth., 5 Misc 2d 343, 348.)
Were it otherwise, then every departmental ruling or order of every name and nature would be subject to review by the courts, and the courts would become the administrators of the provisions of the Agriculture and Markets Law, rather than the duly appointed Commissioner of Agriculture and Markets.
*834 The second, avenue open to the plaintiff-respondent is by section 258-e of the Agriculture and Markets Law which authorizes plain tiff-respondent to bring an action for an injunction to enforce his requirement. In this instance, he has chosen the latter avenue, in which the defendant-petitioner can tender every issue which would be open to it in an article 78 proceeding, including the question of the constitutionality of subdivision 7 of section 258-b.
Since the action sought to be reviewed is not one in which a review has been authorized under the Agriculture and Markets Law; and since it is not a final determination within the meaning of article 78 of the Civil Practice Law and Bules; and since the proceeding results in two actions, with the same issues to be determined in each, the motion to dismiss the petition in the article 78 proceeding is granted.
Parenthetically, in the briefs of defendant-petitioner, there are many factual statements which cannot be considered, as they do not appear in any of the pleadings or affidavits, either in the injunction action or in the article 78 proceeding.
We come then to the motion for a temporary injunction.
The granting of a temporary injunction in this action would have the effect of a final determination on the merits and, if, improvidently granted, could cause irreparable damage. In such a situation, the court hesitates to grant an injunction in advance of a trial, in which all of the factual and legal problems involved, can be more adequately explored. On the other hand, time here is of the essence, because of the necessity to protect milk producers who sell their product to defendant.
Accordingly, the motion for a temporary injunction is denied, on condition that if plaintiff files a note of issue for the December 1963 Trial Term, the defendant shall be ready to proceed to trial at said term; in the event that defendant is not ready to proceed to trial at that term, the motion for a temporary injunction is granted.