Irwin D. Davidson, J.
This is an application by petitioner, a nonprofit hospital, to stay compulsory arbitration between petitioner and Local 144, ordered by the respondent Industrial Commissioner. The petitioner seeks to restrain the New York State Board of Mediation, which has been designated by the Industrial Commissioner as arbitrator, from proceeding to arbitrate the dispute between the hospital and the union. Petitioner has refused to recognize and bargain collectively with Local 144.
Petitioner contends (1) that it has a right to judicial review of Local 144’s certification as the bargaining representative; and (2) that section 716 of the Labor Law is an unconstitutional delegation of legislative power to the Industrial Commissioner and the New York State Mediation Board.
On December 28, 1964 the New York State Labor Board certified Local 144 as bargaining representative of petitioner’s maintenance employees (Labor Law, § 705). A certification by the Labor Board as to the proper bargaining representative under section 705 of the Labor Law may not be judicially reviewed (Matter of Wallach’s Inc. v. Boland, 253 App. Div. 371, affd. 277 N. Y. 345).
The Appellate Division of the First Department on an appeal involving the same parties in this proceeding ruled “ the only avenue to judicial review as to certification is limited to a direct appeal from a final order arising in an enforcement proceeding (Labor Law, § 707).” (26 A D 2d 543.) Clearly this court may not disregard that decision but is duty bound to implement it. Petitioner’s refusal to acknowledge Local 144 and begin collective bargaining with the union was an impermissible flouting of the appellate court’s mandate. Petitioner’s claim to stay arbitration on that ground is denied.
Petitioner’s claim that section 716 of the Labor Law is unconstitutional because it improperly delegates power to the State Board of Mediation and the Industrial Commissioner without providing legislative standards to guide them in the exercise of those powers appears equally without merit. The Legislature recognized that the business of the nonprofit hospital was so affected with the public interest as to require continued and *714 uninterrupted service to the public. It was for that reason that this legislation was enacted which prohibited the hospital employees from striking and which provided for compulsory collective bargaining, fact finding and arbitration. The delegation of power to an administrative agency may be accomplished in general language, but the specific evil which the statute seeks to eliminate is a guidepost to direct and channel administrative discretion. The statute and its amendments were designed to avoid labor disputes in voluntary hospitals by coupling the extension of collective bargaining right with a prohibition against strikes. It seems clear that the law was intended to guarantee to workers in charitable hospitals all the rights available to other workers covered by the State Labor Relations Act, except the right to strike or to picket and to provide the substitutes of mediation, fact finding and binding arbitration for strikes. It would seem that the Industrial Commissioner has the experience which would justify reliance upon his expertise in determining which remedy is most likely to effect the statutory purpose in each particular case. Such expertise may be exercised only in the manner in which the statute permits.
The discretion thus vested in the Industrial Commissioner is not an improper delegation of legislative authority.
The Hospital Association of New York State Incorporated, a New York Membership Corporation of over 250 nonprofit voluntary hospitals in New York State, has petitioned the court for permission to appear in these proceedings as amicus curiae. Such permission to intervene is granted.
It follows, therefore, that petitioner’s application to stay arbitration is in all respects denied. Settle order.