■ In the Matter of the LONG ISLAND COLLEGE HOSPITAL, Appellant, v. MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, et al., Respondents.— Order and judgment herein appealed from, unanimously modified, on the law, to strike the second decretal paragraph thereof, and as so modified such order and judgment is otherwise affirmed, without costs or

disbursements to either party. In this proceeding, brought pursuant to CPLR articles 75 and 78, petitioner contests the validity of the certification of Local 144 as the bargaining representative of its maintenance employees, and contends that its refusal to bargain with Local 144 in order to test the validity of such certification is not a dispute subject to arbitration under section 716 of the Labor Law. Petitioner seeks also to stay the arbitration directed by the respondent Industrial Commissioner. Special Term denied petitioner's application for a stay of arbitration and further ordered and adjudged that petitioner's refusal to negotiate was "impermissible under sections 705 and 707 of the Labor Law". It is such adjudication which is stricken from the order and judgment. This court has not so held nor does the statute so declare. With respect to the denial of the application pursuant to CPLR article 75 to stay arbitration, such determination is approved for the petition is insufficient on its face to entitle petitoner to any such relief. Under section 716 of the Labor Law, it is not requisite that there exist a valid agreement to arbitrate before any existing dispute between the parties can be referred to arbitration. In fact subdivision 4 thereof provides in the absence of a collective bargaining agreement between the employees of a nonprofitmaking hospital, or their representatives, and such hospital, the New York State Board of Mediation and the Industrial Commissioner may exercise certain powers vested in them under subdivision 3 of section 716. Paragraph (b) of subdivision 3 empowers the Industrial Commissioner to submit the dispute to arbitration upon his own motion upon certification by the Board of Mediation that in its opinion efforts to effect a voluntary settlement of such dispute have been unsuccessful. In short, compulsory arbitration may be imposed upon the parties where disputes are found to exist. The relevant provisions of CPLR article 75 with respect to stay of arbitration have no application under such conditions and the absence of a valid agreement to arbitrate is neither fatal nor a deficiency. (See also, Labor Law, § 716, subd. 6 re: jurisdiction of the Supreme Court.) The area of disputes to be resolved is defined in subdivision 1 of section 716 and we cannot now conclude that matters will be determined which are not embraced in the applicable provision. Special Term (Flynn, J.) earlier determined that petitioner's refusal to negotiate with the union was a dispute within the meaning of section 716 of the Labor Law and such determination was unanimously affirmed on appeal (28 A D 2d 1092). In that phase of the proceeding pursuant to CPLR article 78 which seeks to review and annul the Industrial Commissioner's determination that the dispute is subject to compulsory arbitration, and to enjoin the other respondents from taking further action in pursuance thereof, we conclude also that the allegations of the petition are insufficient to entitle petitioner to the relief sought. Subdivision 6 of section 716 of the Labor Law, spells out the powers of the Supreme Court with respect to matters embraced within that section. In so doing it, in effect, limits such powers, particularly with respect to the time or stage of the proceeding at which such powers shall be exercised. In a prior appeal involving these parties (26 A D 2d 543) this court noted "the only avenue to judicial review as to certification is limited to a direct appeal from a final order *arising in enforcement proceedings* (Labor Law § 707)" (italics supplied; pp. 543–544; cf. *Matter of Wallach's* v. *Boland,* 253 App. Div. 371, affd. 277 N. Y. 345). It does not now appear that the matters directed to be submitted to arbitration are beyond the scope of section 716, nor can we now conclude that matters without the jurisdiction of the arbitrator will be entertained and resolved by it. Concur — Botein, P. J., Stevens, Eager, Capozzoli and McGivern, JJ. [54 Misc 2d 712.]