In the Matter of the Petition of WALLACH'S, INC., Petitioner, against Dr. JOHN P. BOLAND and Others, as Members of the New York State Labor Relations Board, Respondents.*

Supreme Court, Special Term, New York County, January 14, 1938.

* Affd., 253 App. Div. 371.

*Drechsler & Leff* [*David Drechsler* and *Herbert Ferster* of counsel], for the petitioner.

*Burton A. Zorn* [*Eugene Cotton* of counsel], appearing specially for the New York State Labor Relations Board.

McLAUGHLIN (CHARLES B.), J.   This is an application to modify, vacate and set aside a decision of the New York State Labor Relations Board, which directs an election by secret ballot in order to determine who shall represent the furnishings salesmen " for purposes of collective bargaining by the majority of the employees," pursuant to section 705 of the Labor Law (Laws of 1937, chap. 443), and which certifies that Retail Hat and Furnishings Employees Union, Local No. 721 U. R. E. of A. C. I. O. has been designated and selected by a majority of the shipping clerks, stock boys and errand boys as their representative for the purposes of collective bargaining under section 705 of said statute.

The court agrees with the contention of the Labor Relations Board that the application is premature.   The provisions for judicial review of the acts of the Board contained in section 707 of the Labor Law go no further than to permit " any person *aggrieved* by a *final* order of the board granting or denying in whole or in part the relief sought " to obtain a review of such order in the Supreme Court. (Italics the court's.)

The order is not a final order since it merely relates to a preliminary investigation which the Labor Board is required by statute to make for the purpose of determining who shall represent the employees for the purpose of collective bargaining and does not purport to pass upon any controversy between the employees and the employer.   For similar reasons, the employer is not " aggrieved " by the order which makes no determination that the employer has been guilty of an unfair labor practice and does not direct the employer to do anything.   A reading of section 707, in relation to its context, leads the court to believe that it was not the intention of the Legislature to permit review of the rulings of the Board unless they determine that the employer has been guilty of unfair labor practices as defined in section 704, and order him to do or cease doing something.   The constant references in section 707 to the " county wherein the unfair labor practice in question occurred " tends to confirm this view.   The court accordingly agrees with the contention of the Board that until the latter has issued an order, after a hearing as to alleged unfair labor practices, requiring the employer to take any affirmative action or to cease and desist from any action theretofore taken by him, he has no right to obtain a review in the Supreme Court, and that when the Board does issue such an order

he has an immediate right of review in the Supreme Court in which the entire record is before the court. He may then attack the validity of the Board's findings which will include those as to the representation of his employees. Moreover, under subdivision 4 of section 704, in order to have a hearing in the Supreme Court there must be a ruling with regard to some unfair labor practice. A reading of the entire section fortifies this conclusion. When such a ruling is made, then the Supreme Court has the power to relieve in a proper case. Until then there is neither finality nor any unfair labor practice ruling on which the Supreme Court may act.

The claim that article 78 of the Civil Practice Act authorizes the court on the present application to review the findings of the Board is without merit. The provisions for judicial review contained in section 707 of the Labor Law were apparently intended to furnish the exclusive method for reviewing the action taken by the Board.

The motion is accordingly denied as premature without consideration of the merits.