THE NEVINS, INC., Plaintiff, *v.* DR. JOHN P. BOLAND and Others, Composing the New York State Labor Relations Board for the District Including New York City, and Others, Defendants.

Supreme Court, Special Term, New York County, February 3, 1938.

*Milton M. Eisenberg,* for the plaintiff.

*Murray R. Paris,* for the defendant Kasmach.

*Burton A. Zorn,* for the defendants John P. Boland and others, composing the New York State Labor Relations Board.

SCHMUCK, J. The question proposed by this motion is analogous to that raised in several matters recently decided by the Supreme Court of the United States (*Myers* v. *Bethelem Shipbuilding Corporation, Myers* v. *MacKenzie,* 303 U. S. 41; 58 S. Ct. 459; 82 L. Ed. 399; and *Newport News Shipbuilding & Dry Dock Company* v. *Schauffler,* 303 U. S. 54; 58 S. Ct. 466; 82 L. Ed. 406), and the decision of that court has direct control herein. As here, in those instances the court was called upon to consider the constitutionality of a labor relations board, and particularly to determine the legality of a provision whereby " the findings of the board as to the facts, if supported by evidence, shall be conclusive." It would be supererogation for this court to attempt to supplement the convincing reasoning of Mr. Justice BRANDEIS. In the manner

indicated it must here be held that this court has no equity juris-diction to restrain the New York State Labor Relations Board from holding a hearing predicated upon a complaint that the employer is engaged in unfair labor practices. No qualification or limitation of this rule is possible of creation simply because the employer, as herein, has previously initiated legal proceedings against the labor union proposing the charges before the Board. There is no basis for the fear that the finding of the Board will affect the matter between these controversialists pending in the Court of Appeals, for the issue before the courts is entirely dissimilar and distin-guishable from the proceedings instituted by the complaint issued by the Labor Relations Board. Nor is there any reason to dread the conclusive fact-finding power vested in the Board or to doubt the propriety of such legislative conduct, for ample protection is provided in the act. It cannot logically be contended that the fact-finding authority of the Board transgresses the power of the court to review or deprives the citizens of any constitutional prerogative. The authorities cited by the movant in this respect, therefore, have no application. Since the scheme of the New York State act is practically identical with the national act, the opinion of the Supreme Court of the nation is peculiarly pertinent. The unequivocal declaration concerning the constitutionality of this exclusive fact-finding power is undebatable, for the act provides " adequate opportunity to secure judicial protection against pos-sible illegal action on the part of the board." (Labor Law, art. 20, §§ 700–716.) The decisions of Justices McLAUGHLIN and POLETTI of this court in kindred matters seem to justify this view. (*Matter of Wallach, Inc.,* v. *Boland,* 166 Misc. 420; affd., 253 App. Div. 371, Mr. Justice McLAUGHLIN; *Matter of Davega City Radio, Inc.,* * Mr. Justice POLETTI.)

Finally, it would appear as if the procedure proposed is prema-ture. Support is found for this contention especially in *Newport News Shipbuilding & Dry Dock Company* v. *Schauffler* and *United States* v. *Illinois Central R. Co.* (291 U. S. 457, 463). In the latter authority we find this pronouncement: " The various steps to be taken constitute parts of the administrative process which must be completed before the extraordinary powers of a court of equity may be invoked." Assuming that counsel have digested the opinions of the United States Supreme Court in the matters alluded to and appropriating them as decisive herein, nothing more need be written.

Motion denied. Settle order. No costs.

---

* *No opinion for publication.*