STEPHEN J. HANLEY, JR., as Treasurer of Frontier Bus and Street Car Employees' Union, and INTERNATIONAL RAILWAY COMPANY, Plaintiffs, *v.* JOHN P. BOLAND and Others, as the Members of and as and Constituting the New York State Labor Relations Board, and NEW YORK STATE LABOR RELATIONS BOARD, Defendants.

Supreme Court, Special Term, Albany County, July 22, 1939.

*Peter A. Schultz,* for the plaintiff Stephen J. Hanley, Jr.

*Killeen & Sweeney,* for the plaintiff International Railway Company.

*Ralph T. Seward,* for the defendants.

*Harry Sacher,* for the Transport Workers Union, Local 162, *amicus curiæ.*

RUSSELL, J.  This action is brought to secure a declaratory judgment as to the right and power of the New York State Labor Relations Board to order two elections which the Board has ordered to be conducted among the employees of the plaintiff International Railway Company in order to determine the appropriate bargaining unit on behalf of the employees of that company.  Consequential relief consisting of a permanent injunction is demanded, and, at this time, plaintiffs have made a motion for a temporary injunction pending the determination of the issues in the action.

In the early part of this year the Transport Workers Union, Local 162, filed a petition with the New York State Labor Relations Board requesting that, pursuant to section 705 of the New York State Labor Relations Act (Labor Law, §§ 700–716), the Board investigate a controversy which had arisen as to the appropriate bargaining unit as between the employees and the railway.  It was alleged in the petition that the International Railway Company was engaged in the business of street car transportation and owned and operated a vehicle and pedestrian bridge over the Niagara river between the United States and Canada.  The petition set forth that the group of employees which petitioners claimed constituted the appropriate bargaining unit as between the company and the employees was all the employees of the company except those employed on steam railroad, office and clerical employees, foremen and supervisors, department heads and executives.  It appeared from the petition that the number of employees in such alleged bargaining unit was 1,200.

The petition set forth that the International Railway Company had an agreement on behalf of the employees with the Frontier Bus and Street Car Union; that that agreement expired on June 30, 1939; and that the petitioner, The Transport Workers Union, claimed to represent a majority of the employees in the bargaining unit, which petitioner claimed constituted the appropriate bargaining class, and that the Frontier Union likewise claimed to represent a majority of the employees.

Upon the presentation of this petition the Board ordered a formal hearing upon notice to all the parties, and such hearing was held. At this hearing the Frontier Union and the Transport Workers Union were represented as well as the International Railway Company.

The contention of the International Railway Company and the Frontier Union was that the petition by which the proceedings were initiated was insufficient, in that the Transport Workers Union did not show on the face of the petition how many employees it claimed to represent, and, therefore, did not show that a real question or controversy concerning representation existed. Because of the alleged insufficiency of the petition the railway and Frontier Union contended that the Board had and has no jurisdiction to proceed to determine any controversy as to the appropriate bargaining unit among the employees.

The railway and the Frontier Union also contended, among other things, that all the office and clerical employees and approximately ninety per cent of the other employees are members of the Frontier Union.

The official examiner overruled the motion to dismiss the proceeding and then took considerable evidence. Thereupon, on May 11, 1939, the Labor Relations Board ordered two separate elections among the employees of the International Railway Company.

The Board ordered that the employees in each of two groups vote separately on two matters. The *first* was whether the employees wish all the employees to be together in the employee unit as they are now, for the purpose of collective bargaining, or wish the employees to be separated for collective bargaining purposes into two groups, into which the Board has divided them for the purpose of the election ordered by the Board. *Second*, whether they wish to be represented by the Frontier Union or by the Transport Workers Union, Local 162, for collective bargaining purposes. This is preliminary to a decision of the controversy.

The present action is directed against these proceedings on the part of the Labor Relations Board in its effort to determine the proper representation of employees in bargaining with the employer.

It is unnecessary to discuss in any detail the provisions of the New York State Labor Relations Act. The act contemplates that, in the process of collective bargaining between the employer and its employees, there may be different units appropriate to carry on such bargaining to the best advantage of all parties. Where there is a large number of employees of a single employer there are ofttimes, necessarily, in many cases, groups of employees which have different interests and different problems. What might be satisfactory to one group would be unsatisfactory as to another. Obviously, to have collective bargaining really representative, different groups or classes must have different representation when their interests may clash.

In so far as the Labor Relations Act in general is concerned, the main propositions discussed on this motion have been settled by the Court of Appeals.

In *Matter of Wallach's, Inc.*, v. *Boland* (277 N. Y. 345) it was held that a certification under section 705 of the Labor Relations Act was an interlocutory determination which can be reviewed only in connection with the review of a final order made under section 706 of the act.

The wisdom of this procedure is apparent in the present controversy. If interlocutory orders and determinations are to be reviewed by the courts with the necessary incidental delays, many of the salutary objects of the act will be lost. Labor controversies, involving large bodies of men, frequently engendering fierce passions and actual violence would be aggravated by mere procedural delays.

In *Metropolitan Life Ins. Co.* v. *Labor Relations Board* (280 N. Y. 194) it was held that the Labor Relations Act was constitutional, and that it applied to labor disputes between an insurance company and its agents. The decision in that case, however, was a three to four decision, a minority of the court dissenting on the ground that the Labor Relations Act applies only to industrial workers.

Very recently an action for a declaratory judgment was brought and reached the Court of Appeals in *Bank of Yorktown* v. *Boland* (280 N. Y. 673). In that case a declaratory judgment was asked decreeing that the Labor Relations Act did not apply to a bank, and that the Labor Relations Board be restrained from taking any steps which interfered with the plaintiff and its employees.

The question in the latter case was one of jurisdiction. It is true that in the *Metropolitan Life Ins. Co.* case it was held that the Labor Relations Act applied to an insurance company. That case, however, was not necessarily decisive on the question of a bank and its employees. Undoubtedly, in view of the sharp division of the

Court of Appeals on the question in the *Metropolitan Life Ins. Co.*
case, the question of jurisdiction was still open in relation to a bank,
and, therefore, an action for a declaratory judgment was an appro-
priate remedy. If there was no jurisdiction there was no right to
act at all; the proceedings were a nullity.

In the case at bar the situation is entirely different. There is
no substantial question of jurisdiction. None of the parties con-
tends that the street railway and its employees are not parties
amenable to the act. The main contention is that the petition
was not sufficient to give the Labor Relations Board jurisdiction
to proceed.

There is a distinction between a total lack of jurisdiction of
either the subject-matter of a controversy or of the parties to the
controversy on the one hand, and mere erroneous proceedings on
the other.

In the one case, where there is no jurisdiction of either the person
or the subject-matter, the proceedings are absolutely void; in the
other case, they may be said to be voidable or erroneous. (*Lange*
v. *Benedict*, 73 N. Y. 12.)

Here there is no question but what the parties are in court, having
been duly summoned by the appropriate process provided in the
Labor Relations Act, and that there are allegations that an actual
controversy exists as to the proper bargaining unit or units, a
subject-matter within the act. In connection with the petition,
there has been an actual hearing whereby facts were developed,
indicating a real dispute. There is, therefore, a subject-matter
which is within the jurisdiction of the Board. There is enough to
call upon the Board to act, especially in connection with the
testimony which was taken.

Jurisdiction does not depend upon the sufficiency of a petition or
pleading. Whether it does or does not state sufficient facts to
constitute a cause for relief is, so far as it concerns the question of
jurisdiction, of no importance. If the petition here states a case
belonging to the general class over which the authority of the
Board extends, then jurisdiction attaches, and the Board has power
to decide whether the petition is good or bad and whether it will
proceed or not. Jurisdiction does not depend upon the rightfulness
of the decision. It is not lost because of an erroneous decision,
however erroneous that decision may be. (*Hunt* v. *Hunt*, 72 N. Y.
217; *O'Brien* v. *People*, 216 Ill. 354; 75 N. E. 108; 3 Am. & Eng.
Ann. Cases, 966.)

" It is well settled that jurisdiction does not depend upon the
sufficiency of the bill. If the court has jurisdiction of the subject
matter and of the parties nothing further is required. The cause

of action may be defectively stated, but that does not destroy jurisdiction. A bill may state conclusions, but if not demurred to and the evidence supports a decree conforming to the general allegations of the bill and the decree is within the power of the court to render, the court has jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit. If the law confers the power to render a judgment or decree, then the court has jurisdiction." (*O'Brien* v. *People, supra.*)

Even though there may be error, still the proceedings of the Board are not thereby void.

It appears to me, therefore, that if there are any errors in the proceedings, these errors must be corrected by the court in the appropriate proceedings to review a final order under section 706 of the Labor Relations Act, and there is no substantial question of jurisdiction presented by the complaint in this case. In other words, the proceedings are not void. If they are erroneous, this sort of action is not the appropriate remedy.

The temporary injunction is, therefore, denied.

Submit order.