In the Matter of DOMINICO SANTORO, Petitioner, against HERBERT MIRSHEL et al., as Members of the Board of Trustees of the Village of Hempstead, Respondents.

Supreme Court, Special Term, Nassau County, April 2, 1945.

*Sherman Moreland, Jr.* for petitioner.

*Frank J. Wettstein* for respondents.

C. A. JOHNSON, J. This is an application by one Dominico Santoro for an order directing the Mayor and Board of Trustees of the Village of Hempstead to issue to the applicant a restaurant

license heretofore denied him by the Mayor and Village Board.

Petitioner alleges that for some ten years he has operated a restaurant in the village of Hempstead under a license issued by the Board of Trustees, that he owns the business and the building wherein it is conducted and has invested substantial sums therein; that late in December, 1944, the petitioner was advised that the Mayor and Board of Trustees of the Village would not renew his restaurant license. Thereafter, the petitioner made a formal application for the renewal of such license and his application was denied.

The respondents, by their answer, assert that their reason for refusing a renewal of the license was that the petitioner's restaurant had acquired a bad reputation as a disorderly resort, that the police had been frequently called to the premises to quell disturbances and that it was the meeting place of immoral persons. The petitioner, by his reply, does not deny these allegations of the answer, but, in effect, takes the position that the Village Board is without authority either by reason of the Village Law of the State of New York or under the local ordinance to refuse a restaurant license on the ground that the premises have been conducted in a disorderly manner or that disorder has occurred therein; that the facts asserted do not constitute the petitioner an unfit and improper person to receive a restaurant license; that the petitioner was not a party to any of the occurrences in his place but that by reason of the fact that it is located in an area difficult to police, the authorities of the Village are attempting to visit upon the petitioner punishment for shortcomings which are really those of the Mayor and Village Board in failing to give the village adequate policing. It is further contended by the petitioner that, under the terms of the Village ordinance relating to licensing, the Village authorities have been barred from considering in the issuance of a restaurant license the character of the applicant and are entitled to consider only the sanitary conditions under which the restaurant is operated (Village of Hempstead, General Ordinances, § 415). This argument is based upon the fact that the ordinance fails to repeat in the provisions relating to the issuance of restaurant licenses, the requirement that the applicant shall be found by the Village licensing authority to be a fit and proper person.

The last contention described will be first disposed of. The licensing ordinance is not framed precisely in the language of section 91 of the Village Law; but I am of the opinion that wherever a Board of Trustees has, by ordinance, provided that

a license is necessary for the exercise of any of the trades or occupations described in section 91 of the Village Law, the Village authorities have the right to refuse the issuance of such license to persons deemed by them unfit and improper to engage in such calling. This authority exists by virtue of section 91 of the Village Law, and no language or omission of this ordinance has impaired that authority.

Can it be found upon the pleadings now before the court that the action of the Village authorities in refusing the petitioner a license was arbitrary or capricious and that there was not substantial evidence justifying the exercise of their discretion in refusing the petitioner his license? I think not. From the uncontroverted allegations of the answer of the respondents, it would appear that the petitioner's bar and grill had acquired an evil reputation in the community and that it was a place to which disorderly elements resorted. If the petitioner as a tavern keeper operates as a magnet for the disorderly elements of the community, the Village authorities may determine, as they have here, that he is not a fit and proper person to conduct such a business; having acted, said action being based upon the facts presented to them and the said action being within the exercise of the discretion which the law gives them, the court will not substitute its judgment for their acts. The petition is, therefore, dismissed.

Settle order on notice.