In the Matter of Dominico Santoro, Appellant, against Herbert Mirschel et al., as Members of The Board of Trustees of the Village of Hempstead, Respondents.— Order dismissing on the merits appellant's petition for an order under article 78 of the Civil Practice Act directing respondents, constituting the Board of Trustees of the Village of Hempstead, to issue to appellant a license for the year 1945 to conduct a restaurant, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [184 Misc. 666.]

Julius J. Klein, Doing Business under the Name of Julius J. Klein Company, Appellant, v. Gross Construction Co., Inc., Respondent.— In this action brought by the plaintiff, a real estate broker, to recover commissions claimed to have been earned for procuring a lessee for property owned by the defendant, judgment dismissing the complaint on the merits at the close of the plaintiff's case reversed on the law and a new trial granted, with costs to appellant to abide the event. In our opinion, the plaintiff made out a prima facie case. In view of the foregoing determination, the appeal from the order denying plaintiff's motion to amend the judgment by providing that it be for failure of proof and without prejudice, instead of on the merits or, in the alternative, granting a new trial, is dismissed, without costs, as academic. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

Mary Lambros, as Administratrix of the Estate of Gus L. Lambros, Deceased, Appellant, v. Fred Miller, Respondent.— The action is to recover damages for wrongful death. Plaintiff's intestate, a pedestrian, was struck by an automobile owned and operated by defendant when he was on the crosswalk at the intersection of Amsterdam Avenue and West 96th Street, Borough of Manhattan. The jury rendered a verdict for plaintiff for $6,000. The court granted plaintiff's motion to set aside the verdict as inadequate, and defendant's motion to set aside the verdict as contrary to the evidence and the law, and also granted defendant's motion, upon which decision had been reserved, for a directed verdict. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The evidence presented an issue of fact as to defendant's negligence and decedent's contributory negligence, and it was, therefore, error to grant defendant's motion for a directed verdict. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

Lew Morris et al., Respondents, v. Julius Hoffman et al., Appellants. (Appeal No. 1.) — In an action to recover brokers' commissions, defendants appeal from an order which denied their motion to dismiss the plaintiffs' complaint. Order affirmed, with $10 costs and disbursements. No opinion. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. [See 270 App. Div. 762.]