In the Matter of GUTWIRTH & ERRANTE HOMES, INC., Appellant. CITY OF NEW YORK, Respondent.— In a condemnation proceeding, it appears that the appellant is the assignee of an award for land taken for a local improvement; that abutting lands have been assessed for benefit, and that the respondent's comptroller refuses to pay the amount of the award granted by the final decree and has deducted therefrom the amount of the assessments. . In this proceeding appellant moved for an order directing the comptroller to pay the balance of the award, being the amount withheld for the assessments; and the motion was denied. Appellant contends that the assessments may not be set off against this award because appellant was not the owner of the affected land at the time the assessments came into being; that the respondent waived its right to a setoff under section 313–2.0 of the Administrative Code of the City of New York, by having collected portions of the assessments from current owners; that the setoff is contrary to the final decree, and that section 313–2.0 of the Administrative Code is unconstitutional. Order affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. [See *post*, p. 799.]

■

In the Matter of CAROLINE V. PEABODY, Respondent, against IRVING ZION, as Mayor of the Incorporated Village of Lawrence, et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, the Mayor and trustees of the Incorporated Village of Lawrence appeal from an order which annulled a determination of the Mayor denying respondent's application for a license to operate a taxicab and directed that such license issue. Order reversed on the law, without costs, and proceeding dismissed, without costs, and without prejudice to the right of respondent, if so advised, to prosecute an appeal from the determination to the village board of trustees or other corresponding body. Until respondent has exhausted her statutory remedy of appeal within the municipality (Village Law, § 91), her resort to the courts is necessarily premature and requires a dismissal of the proceeding. (Civ. Prac. Act, § 1285, subds. 3, 4.) Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.