In the Matter of the Claim of FRANK P. BERNARD, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board which reversed the decision of a referee and reinstated the initial determination of the Industrial Commissioner disqualifying claimant from benefits on the ground he refused an offer of employment without good cause. This appeal presents but two issues: (1) whether, as a matter of law, claimant was entitled to be warned at the time of an interview that a refusal to accept a job offered to him might affect his rights to benefits; and (2) whether such a notice of job forfeiture was given to claimant at time of the interview as a matter of law. We find no issue raised as to the validity of the determination that appellant refused an offer of employment without good cause. We find no requirement in the statute that a claimant must be warned that his refusal to accept a job offer might affect his rights to unemployment insurance benefits. Moreover it appears in this case that claimant had a fair and complete hearing after the initial determination. After he had been served with the determination of disqualification made by the Industrial Commissioner he requested a hearing before an Unemployment Insurance Referee. He was given a hearing and was sworn as a witness, with the opportunity to produce any other witnesses he might desire. The Referee rendered his decision overruling the initial determination of the commissioner and the latter appealed to the board. The board decided the case on the basis of the record and the evidence submitted before the Referee. It thus appears that all the requirements of due process were met. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.

∎

DALE HOMES, INC., Respondent, v. VILLAGE OF MONTICELLO, Appellant.— Appeal from an order of the Special Term of the Supreme Court, Sullivan County. The second cause of action stated in the complaint, which must be taken by us as entirely true, alleges that the officers of the defendant village induced plaintiff to pay the village $750 to install water and sewer lines because of a representation by the public officers that such a payment was "the usual practice" and such payment was made by "all" other "property owners". It is alleged that the representation was false. If false it is actionable since the tort thus described relates to a subject in the official control of the officers of the village and led to the payment of money, not to the officers, but to the village itself. (Cf. *McCrink* v. *City of New York*, 296 N. Y. 99, and *Koeppe* v. *City of Hudson*, 276 App. Div. 443, 447.) Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.