G. Robert Witmer, J.
This is an application under article 78 of the Civil Practice Act for an order directing respondent, John J. O’Brien, manager, division of employment, Corning, New York, for the Industrial Commissioner of the State of New York, to reinstate the petitioner as eligible for unemploy *183 ment insurance as of December 20, 1956, and directing payment to petitioner of weekly unemployment benefits from such date.
It appears that effective August 27, 1956, petitioner filed a claim with respondent for unemployment insurance benefits and received 11 weekly benefit checks thereunder. On November 23, 1956, pursuant to subdivision 1 of section 597 of the Labor Law, respondent Industrial Commissioner issued an initial determination effective November 21, 1956 disqualifying petitioner for unemployment insurance benefits upon the ground that he was unavailable for employment (Labor Law, § 591, subd. 2). On November 26, 1956 petitioner, pursuant to subdivision 1 of section 620 of the Labor Law, requested a hearing before an unemployment insurance referee, which was granted; and petitioner testified before the referee. In mid-January, 1957, the referee rendered his decision upholding the initial determination of the commissioner. Thereafter pursuant to section 621 of the Labor Law petitioner appealed to the appeal board (see, also, Labor Law, § 534), and such appeal is still pending.
There can be no question of the legal propriety of the foregoing proceedings up to that point (Matter of Bernard [Corsi], 285 App. Div. 921).
Without waiting for a decision by the appeal board, petitioner has instituted this proceeding under article 78 of the Civil Practice Act. Subdivision 4 of section 1285 of article 78 of the Civil Practice Act provides that relief under this article to review a determination shall not be available “ Where it can be adequately reviewed by an appeal to a court or to some other body or officer ”. Moreover, section 624 of the Labor Law expressly provides that “ Within thirty days after the mailing or personal delivery of notice of a decision by the appeal board, the commissioner or any other party affected thereby who appeared at the appeal before the board may appeal questions of law involved in such decision to the appellate division of the supreme court, third department.”
Petitioner has appealed to the Board of Appeals in the case at bar, and such board has not yet rendered a decision. Petitioner’s remedy under the administrative procedures established in the Labor Law, therefore, has not been exhausted. Thus it is patent that petitioner has applied to the courts prematurely. (Matter of Wallach’s v. Boland, 277 N. Y. 345, affg. 253 App. Div. 371, affg. 166 Misc. 420; Matter of Wilkie v. O’Connor, 261 App. Div. 373; Matter of Peabody v. Zion, 283 App. Div. 728.) Furthermore, under the language of section 624 of the Labor Law, quoted above, it is clear that once the Board of Appeals has rendered a decision, petitioner’s appeal *184 to the courts, if he wishes to appeal, must be made to the Appellate Division of the Supreme Court, Third Department, and not to Special Term in this department.
The petition is therefore dismissed.
- Submit order accordingly.