Mario Pittoni, J.
The petitioner, Salvatore Dubato, brings this proceeding under article 78 of the Civil Practice Act to annul the determination and order of the respondent, as the Board of Trustees of the Incorporated Village of Bayville, which suspended the restaurant license No. 87-1957 heretofore issued to the petitioner; and to direct the respondent to restore the license to the petitioner.
It appears that the Village of Bayville did issue restaurant license No. 87-1957 for the period from June 1, 1957 to May 31, 1958. In the meantime, too, Green Witch, Inc., in which the petitioner was a stockholder, had been issued a State Liquor Authority license for the sale of beer, wine and liquor for consumption on the premises. However, on July 24, 1957 the petitioner was served with a notice of suspension of restaurant license No. 87-1957. This suspension was by the Mayor of the Village of Bayville pursuant to Village Ordinance III (§ 1) and section 91 of the Village Law.
In a proceeding to test this ex parte suspension, Mr. Justice Pette, sitting in Special Term of the Supreme Court, Nassau County, directed that the Board of Trustees of the Village of Bayville convene and hear and consider the matter of the suspension by the Mayor. The board met on July 31, 1957 and, after hearing witnesses and considering certain documentary evidence, concluded and decided that license 87-1957 should be revoked on the grounds that the ‘ ‘ premises were allowed to be run so that they constituted a breach of the peace and good order *348 of the community and that no proper control was exercised over the conduct of the business, and furthermore that said premises were run in violation of section 65, subdivision 1, of the Alcoholic Beverage Control Law, all trustees voting in favor of revocation. ’ ’
The petitioner attacks this finding and decision on the ground that it is contrary to laAv and is an abuse of discretion by the board in that the action was arbitrary, malicious and unreasonable. The petitioner also disputes the conclusions arrived at by the board. The petitioner, in support of his position, contends that the board could not have reached a proper determination because the hearing Avas presided over by the Mayor of the village, a nonlaAyyer, who alloAved into evidence the police blotter of the Village Police Department to show various improper incidents at the restaurant, an unsworn petition signed by 35 neighboring residents complaining about the conduct of the restaurant, and a statement signed by a 17-year-old girl that she had purchased beer in the restaurant without being questioned as to her age. The petitioner’s objections in this respect would have been valid in a trial in a court of law. However, board hearings are not circumscribed by the evidentiary rules against hearsay.
Furthermore, the village produced as witnesses police chief Balsito and Nassau County detectives Neuman and Forte who testified to certain complaints received and various warnings given to the petitioner at certain times, and to his agent at other times. The detectives testified, too, to their observations of certain patrons, who appeared to them to be under 18 years of age, being served with beer without being questioned as to their ages. They testified specifically as to their observation of a girl of 17 being sold beer by the bartender without any age inquiry. Her age Avas established by her statement to the detectives and by their examination of her operator’s license.
The three police officers also testified to the noisiness and unruliness of the patrons of the restaurant and also as to a specific fist fight incident on the evening of July 19,1957.
There is also testimony that the petitioner was absent from the premises on occasions when his control was required over the conduct of the business. He was absent, too, on the evening of July 19,1957 when some of the major incidents described at the board hearing occurred.
The witnesses and evidence produced to sustain the board’s revocation of license No. 87-1957 are sufficient. This court will not and cannot substitute its own judgment of the facts and make a determination and decision of its own de nova. It is *349 limited to the question whether the action of the hoard on July 31,1957 was an abuse of discretion and whether it was arbitrary, malicious and unreasonable. This court concludes that there was sufficient evidence to sustain the board’s finding, determination and decision. (Matter of Santoro v. Mirshel, 184 Misc. 666, affd. 269 App. Div. 1046 [2d Dept.].)
The petitioner’s objection that there was no solid foundation for the Mayor’s and board’s actions because the village ordinance did not specifically repeat the command of section 91 of the Village Law, is without sufficient merit because section 91 of the Village Law states in part as follows: “ The mayor may suspend any such license until the next meeting of the board of trustees, and thereupon said license may be revoked or continued by the board. ’ ’ This legislative command is binding upon village officials regardless of any failure of the village to incorporate analogous provisions in its ordinances. Then, too, the directions found in the quoted provisions of the Village Law were followed in this case. True, the hearing before the Village Board was by court order; nevertheless, section 91 of the Village Law was complied with.
The petitioner’s application under article 78 of the Civil Practice Act is denied and the proceeding dismissed.
Submit order.