Jack Stanislaw, J.
Petitioner Vunk applied for a taxicab driver’s license in and for the Incorporated Village of Patchogue on or about February 21, 1964. The application was in proper form and was accompanied by the required fee. By letter dated July 28, 1964 petitioner was informed simply and only that the application had been denied. A check refunding the fee accompanied this short note. This article 78 proceeding has been brought on the grounds that the denial was politically inspired and ipso facto arbitrary and capricious. The letter of the Village Clerk gave no reason for the denial.
Respondent advances two arguments to rebut the allegations of, and dismiss the petition. These are concisely that the issuance of the license is in the Mayor’s discretion, based upon his evaluation of the applicant’s qualifications, and that a denial *562 of license must first be reviewed by the Village Board of Trustees before it can be reviewed here.
Licensing is the subject of chapter 4 of the Village Ordinances. Prospective licensees are required to comply with, this chapter “ and any other applicable ordinance ” (Ordinance 4.1, § 1 [c]). The Mayor is to issue all licenses as noted above, and review by the Trustees is provided for (§§ 5, 6). Section 8 makes a license effective only when the fee is paid and receipt noted on the license itself. In this case, the denial has also partially been justified by exhibiting Vmik’s police record, although respondent does not specifically so indicate. That record shows three charges over a period of 12 years; the most recent 2 years ago. The disposition of these discloses one $10 fine, one suspended sentence, and one dismissal of the information.
Ordinance 4.10, dealing with the licensing of taxicab operators exclusively, was adopted in June of 1963 by the village. This was some three years after the enactment of the general licensing ordinance (Ordinance 4.1). Here, applicants are particularly told what is necessary for a license by way of information to be supplied. Section 3 indicates that the Village Clerk shall issue the license upon satisfactory fulfillment of these requirements.
According to section 91 of the Village Law the “licensing officer ’ ’ is the Mayor or his designee. An applicant refused a license by the licensing officer may then apply to the Board of Trustees. Although the language of this section is merely precatory it has been interpreted as being mandatory. Thus, a proceeding such as this must be dismissed as premature for failure to first exhaust the statutory appeal permitted (Matter of Peabody v. Zion, 283 App. Div. 728). Moreover, a license apparently may be properly denied to persons deemed unfit to engage in a licensed occupation although the ordinance does not exactly .so state (Matter of Santoro v. Mirschel, 184 Misc. 666, affd. 269 App. Div. 1046).
The proceeding is dismissed. Although the ordinances herein noted can be appreciated as somewhat misleading and inexact, decisional law does reach out to cover this situation in respondent’s favor.