■ In the Matter of the Claim of JOHN HERNANDEZ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 7, 1968, disqualifying claimant from unemployment insurance benefits and from a decision, filed November 25, 1968, which, upon reopening, adhered to the original decision. Claimant, classified as an elevator operator, doorman and porter and last employed at a weekly salary of $90.46, admittedly refused employment as a doorman at $93.46 because the building superintendent told him the job was for just one week. The question of whether a claimant has refused employment without good cause is factual and, if supported by substantial evidence and in the absence of error, the board's determination must be upheld (*Matter of Spack* [*Corsi*], 305 N. Y. 753; *Matter of Schwartz* [*Catherwood*], 27 A D 2d 617). The mere fact that the proffered employment is temporary does not constitute a justifiable excuse (*Matter of Shanley* [*Catherwood*], 27 A D 2d 496, 498; *Matter of Walls* [*Catherwood*], 26 A D 2d 883; *Matter of Kotlowitz* [*Catherwood*], 24 A D 2d 813). The board was not estopped from denying benefits since the statute does not require that a claimant be warned that his refusal to accept a job offer might affect his rights to unemployment insurance benefits (*Matter of Sofo* [*Catherwood*], 14 A D 2d 961; *Matter of Bernard* [*Corsi*], 285 App. Div. 921). There was no statutory or decisional requirement that the appeal board appoint an attorney to represent claimant when the claim first came before it, nor was it obligated to furnish a free transcript of the proceedings before the Referee (see 12 NYCRR 463.2 [h]). Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by the court.

■ LINDA S. GARLINGHOUSE et al., Appellants, v. MARGARET NELSON et al., Respondents.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court at Special Term, entered July 23, 1969 in Ulster County, which granted a motion to vacate a default judgment and to restore the action to the calendar. Under the circumstances appearing and in view of the showing of merit, excuse and absence of willfulness, there is no reason to disturb Special Term's discretion. It would seem that the action should take its original position on the calendar and that the parties should be prepared to proceed when it is reached for trial. Order affirmed, with costs. Herlihy, P. J., Stanley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.